### XIU YING CHEN, also known as Xiu Xing Chen, Petitioner,

v.

### BOARD OF IMMIGRATION REVIEWS, Respondent.

Nos. 05–0390–ag (L); 06–1635–ag (con) NAC.

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Emily Berger, James P. Loonam, Assistant United States Attorneys, Brooklyn, NY.

Present: DENNIS JACOBS, Chief Judge, JOSEPH M. McLAUGHLIN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Xiu Ying Chen, a native and citizen of the People's Republic of China ("China"),

seeks review of a March 23, 2006 order of the Board of Immigration Appeals ("BIA") denying petitioner's motion to reopen, and a January 11, 2005 order of the BIA affirming the November 25, 2003 decision of Immigration Judge ("IJ") Roxanne C. Hladylowcyz denying petitioner's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xiu Xing Chen a.k.a. Xiu Ying Chen,* No. A78 293 062 (B.I.A. Mar. 23, 2006); *In re Chen, Xiu Xing* No. A78 293 062 (B.I.A. Jan. 11, 2005), *aff'g* No. A78 293 062 (Immig. Ct. N.Y. City Nov. 25, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

The IJ's adverse finding that Chen was not credible regarding her claim to have been persecuted on account of cohabiting with her boyfriend is supported by substantial evidence. Her testimony was vague, and her claim that she had been in hiding was contradicted by her acquisition of a national ID card.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA denied Chen's motion to reopen because it was filed out of time, and because "[b]irths in the United States do not constitute changed circumstances in the country of nationality" under 8 C.F.R. § 1003.2(c)(3)(ii). We find no abuse of discretion in the BIA's ruling, as Chen presented no material evidence that was unavailable and could not have been discovered or presented at the previous hearing.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).